[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought in 1997 by the then zoning officer of the Town of Plainfield, Tammy S. Anderson, hereinafter "the plaintiff, " pursuant to General Statutes § 8-12 seeking to enforce a cease and desist order issued to James Gallow, hereinafter "the defendant, " a joint owner of premises located on 62 South Cady Lane in the Central Village section of the Town of Plainfield.[1] The order, dated November 20, 1996, alleges that the defendant is in violation of the local zoning ordinance by operating a business in a residential zone. The complaint seeks a temporary and permanent injunction, fines as authorized by the local ordinance, costs, fees, expenses and reasonable attorney's fees, plus a civil penalty as provided by § 8-12
in the amount of $2500 and such other relief as is just and equitable.
The defendant filed an answer on October 31, 1997 in which he denied that he permitted his property to be used for the operation of a commercial contracting paving business in violation of zoning regulations. CT Page 1907
A trial was held on December 2, 7, 8, and 9, 1999. After hearing the evidence, the court finds the following facts:
In July of 1993, the defendant and his wife, Claire Gallow, purchased a residence on approximately two acres located on a private way (according to the deed) known as Cady Lane in the Central Village section of the Town of Plainfield. The premises are located in an RA 60 residential zone. The neighborhood is rural in character; the private way known as Cady Lane extends beyond the premises of the defendant and goes by the home of Randy Jernstrom and beyond to the residence of his father and mother, Mr. and Mrs. Roland Jernstrom, where it ends. Because the road curves to the right, the elder Jernstroms' property abuts the property of the defendant, which is clearly visible from their yard and separated by a low hedge. Shortly after the defendant moved in, the Jernstroms noticed that the defendant began to cut trees to make room for vehicles and equipment that he brought to the property. Over the next few years, the defendant continued to bring vehicles and equipment onto the property. Randy Jernstrom observed jacks under trucks that were being repaired and that the defendant would heat up his oil tanker trucks on the property. In July of 1996, Mrs. Roland Jerustrom complained to the then zoning enforcement officer, Paul Yellin, that the defendant was operating a business in a residential area. She asked for an investigation.
Yellin recorded the complaint on the official report form and called the defendant to inform him. He asked the defendant for permission to inspect the premises, but was denied entry to the property unless the defendant was present. On September 26, 1996, thirteen residents of South Cady and Cady Lane wrote to Yellin asking that he act to stop Gallow Oil Stone. Yellin's inspection took place in October of 1996. He saw four large dump trucks, two oil tank trucks, pavement rolling equipment and a grader on the property. In addition, he saw a number of automobiles.
He reported to the planning and zoning commission at its November 1996 meeting that it was evident to him that the defendant was conducting a business at the location and that the automobiles belonged to his employees. The commission ordered that a cease and desist order be issued based upon the defendant's operation of a business in a residential zone. The order issued on November 20, 1996 and was received by the CT Page 1908 defendant on November 22, 1996. Claire Gallow was not named in the order nor was she served a copy of it.[2]
Yellin left his position as zoning enforcement officer in early December 1996. He was replaced by Tammy Anderson, who visited the property on December 10, 1996 and took six photographs of the vehicles and equipment from the west side of Cady Lane. She did so at the request of the town attorney. She also noticed piles of stone and sand on the property in addition to twelve to fourteen pieces of equipment.
The defendant did not, within 30 days of the issuance of the cease and desist order on November 20, 1996, appeal to the zoning board of appeals. He did not appeal because he was unaware of the statutory requirements and for no other reason.
The Zoning Regulations of the Town of Plainfield are clear. Pursuant to § 3-21, single family detached dwellings and accessory-uses "customarily incidental" to them are permitted in the RA-60 zone where the defendant and Claire Gallow reside on Cady Lane. The vehicles and equipment seen by Yellin and Anderson are not accessory uses of a single-family dwelling.
The defendant has continued to store vehicles, equipment and piles of sand and stone on his premises in furtherance of his business as a driveway paving contractor since the lawsuit commenced. In season, there has been daily activity at the property involving the departure of trucks and equipment in the morning and their return late in the afternoon when employees depart the premises in their vehicles.
General Statutes § 8-6 (a)(1) provides that a zoning board of appeals shall have the power "[t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter. . . ." Section 10.3.1 of the Zoning Regulations of the Town of Plainfield provides that the zoning board of appeals shall have the power and duty "[t]o hear and decide appeals where it is alleged that there is an error in any order, requirements or decision made by the official charged with the enforcement of these regulations."[3]
The defendant has admitted in his pleading that he never appealed the cease and desist order to the zoning board of appeals. CT Page 1909
Caselaw is also clear. The validity of the cease and desist order may not be contested if zoning officials seek its enforcement after a violator has failed to appeal. Gelinas v.West Hartford, 225 Conn. 575, 595 (1993)."[4]
Having found the defendant to be in violation of zoning regulations, the court must next decide whether injunctive relief, as requested by the plaintiff, is appropriate. In this connection, the court will make findings of facts as made necessary by the relief sought by the plaintiff. "[E]ven in an action brought by a zoning enforcement officer to require conformity with the zoning regulations, the granting of injunctive relief, which must be compatible with the equities of the case, rests within the trial court's sound discretion." Gelinas, Id., 595-96.
"In seeking an injunction pursuant to § 8-12, the town is relieved of the normal burden of proving irreparable harm and the lack of an adequate remedy at law because § 8-12 by implication assumes that no adequate remedy exists and that the injury is irreparable. . . . The town need only prove that the statutes or ordinances were violated." Gelinas, Id., 588.
The defendant has been in violation of the zoning ordinance for several years. Although he failed to appeal, he has sought to remedy the situation. On April 10, 1997, he filed an application to change the zone from residential (RA-60) to commercial. That application was denied on June 18, 1997.
On September 8, 1997, the defendant sought a home occupation permit to allow the storage of vehicles and equipment on the premises. This was denied.
On November 10, 1997, the zoning board of appeals denied his request for a variance to conduct his business at his residence. At a subsequent meeting on December 2, 1997, the board purported to reverse itself and granted his request for a variance. This subsequent approval was never published or recorded as required by General Statutes § 8-7. Further, the propriety of the board's action has been the subject of a complaint before the Freedom of Information Commission and subsequent appeal by the zoning board of appeals still pending in the Superior Court in Hartford/New Britain. CT Page 1910
On May 11, 1998, the planning and zoning commission voted to "close pending complaints" without specifically mentioning the defendant's pending case in this court.[5] Later, at a meeting in October 1998, the commission voted to "support pending litigation." Between May and October, this action was not withdrawn.
While the court does not condone his continued violations of the zoning law, his subsequent attempts to legitimize his position, coupled with the mixed signals he received from the local zoning board of appeals and the planning and zoning commission, militate against imposing the sanctions of costs, civil penalty, and attorney's fees provided in § 8-12.
Accordingly, the court will enter the following order:
A mandatory injunction shall issue ordering the defendant James Gallow to remove all his commercial vehicles, equipment and materials from the premises known as 62 Cady Lane, Central Village, Connecticut.
Potter, J.